[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is appealing the defendant's calculation of his weekly unemployment benefits of $21.00. He takes issue with the reduction of his benefits from $89.00 to $21.00 per week, a figure arrived at by the defendant based upon the plaintiff's receipt of social security benefits, a pension to which his employer had contributed during the base period.
The history of this case is as follows. The plaintiff was employed by Cellofoam/Southeastern and was terminated under circumstances permitting the award of unemployment compensation benefits. He was the recipient of CT Page 7967 social security benefits at the time of his termination from Cellofoam/Southeastern in the amount of $584.00 per month. During the time of the base period used to calculate the plaintiff's unemployment compensation benefits, his employer made contributions to the social security program. Pursuant to General Statutes 31-241 the plaintiff's application for unemployment benefits was reviewed and it was determined he was eligible for such benefits. The defendant calculated the original benefit rate at $89.00 per week reduced by $68.00 for pension reduction. The plaintiff filed an appeal of the determination based on the reduction and a trial de novo was conducted by a referee who made the following findings of fact:
 1. This appeal was filed by the claimant from a monetary determination issued by the Administrator on May 3, 1991. This determination held that the claimant's weekly unemployment benefit rate was reduced from $89.00 to $21.00 due to his receipt of Social Security benefits.
 2. The claimant has been receiving Social Security benefits in the amount of $584.00 per month since January, 1987.
 3. The claimant's only employer during the base time period of his claim was Cellofoam/Southeastern. That employer did make contributions to the Social Security program on the claimant's behalf.
 4. Fifty percent of the claimant's Social Security benefits represent a return of his own contributions to that program, and his benefit rate was not reduced based on those contributions.
An appeal of the referee's decision was made to the Board of Review which upheld the findings and decision of the referee.
It is from the Board of Review's decision that the plaintiff appeals to this court.
An appeal of this nature is governed by the provisions of General Statutes 31-249b and 519 of the Practice Book. The court does not retry the facts or hear evidence. The court's decision is to be based solely on the CT Page 7968 record and it must examine whether the findings should be corrected or if there was support in law for the defendant's decision.
In this case, the plaintiff's sole claim is that the reduction in his benefits is unfair because he was already receiving social security benefits and that the employer's contribution was only about $300.00 during the base period.
The decision on the matter in the various levels the unemployment compensation structure are based on the language in the General Statutes 31-227 (g), which provides in relevant part:
 With respect to benefit years beginning on or after October 1, 1981, for any week with respect to which an individual is receiving a pension, which shall include a governmental or other pension, retirement or retired pay, annuity, or any other similar periodic payment, under a plan maintained or contributed to by a base period employer, the weekly benefit rate payable to such individual for such week shall be reduced by the prorated weekly amount of the pension. Where contributions were made to the pension plan by the individual, the prorated weekly pension amount shall be reduced by the proportion which such individual's contributions bear to the total of all payments for such individuals into the plan.
The plaintiff does not dispute the fact that payment was made by the employer to social security during the base period; nor does he take issue with the defendant's calculation of benefits as set forth in referee's findings #4. In short, he has offered no evidence to this court that the findings should be corrected or that there is no supporting law for the reduction in his weekly benefits. The record completely and unequivocally supports the board's decision and this court finds the board did not act unreasonably, arbitrarily or in abuse of its discretion.
The plaintiff's appeal is dismissed for the reasons set forth above.
Stanley, J. CT Page 7969